Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

Northern  District of Illinois

Eastern Division

|  |  |
|---|---|
| Frank L. Simmons | Case No. ___19-cv-4199___ |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)* ☒ Yes ☐ No |
| **-v-** | |
| Illinois Bell Telephone Company d/b/a AT&T Illinois;  AT&T Inc.; and AT&T Services, Inc. | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued.  If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**I.      The Parties to This Complaint**

**A.      The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Frank L. Simmons |
| Street Address | 29 Strauss Lane |
| City and County | Olympia Fields |
| State and Zip Code | Illinois 60461 |
| Telephone Number | 312 919-9320 |
| E-mail Address | frank.3332@hotmail.com |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Illinois Bell Telephone Company d/b/a AT&T |
| Job or Title *(if known)* | Corporation |
| Street Address | 225 W. Randolph Street |
| City and County | Chicago - Cook |
| State and Zip Code | Illinois 60602 |
| Telephone Number | 312 727-9411 |
| E-mail Address *(if known)* | www.att.com |

Defendant No. 2

| | |
|---|---|
| Name | AT&T Inc. |
| Job or Title *(if known)* | Corporation |
| Street Address | 208  S. Akard St. |
| City and County | Dallas, |
| State and Zip Code | Texas 75202 |
| Telephone Number | 1-210-821-4105 |
| E-mail Address *(if known)* | www.att.com |

Defendant No. 3

| | |
|---|---|
| Name | AT&T Services, Inc. |
| Job or Title *(if known)* | Corporation |
| Street Address | 175 East Houston Street |
| City and County | San Antonio |
| State and Zip Code | TX 78205 |
| Telephone Number | 210-223-7151 |
| E-mail Address *(if known)* | www.att.com |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |

Telephone Number _____

E-mail Address *(if known)* _____

## C.      Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Illinois Bell Telephone Company d/b/a AT&T Illinois |
| Street Address | 225 W. Randolph Street |
| City and County | Chicago - Cook |
| State and Zip Code | Illinois 60602 |
| Telephone Number | 312 727-9411 |

## II.      Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒      Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐      Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐      Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒      Other federal law *(specify the federal law)*:

Whistleblower Protection Act of 1989, 5 U.S.C. 2302; Diversity; Fair Labor Standards Act (FSLA); 42 U.S.C. § 1983; Civil Rights Act of 1991 - Title VII; 42 U.S. Code § 1985; 18 U.S.C. § 1341; Amendment Rights; Breach of Fiduciary Duty; Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.2000e-5(f)(3); for 42U.S.C.§1981 and §1983 by 42 U.S.C.§1988

☒      Relevant state law *(specify, if known)*:

Illinois' FSLA and Overtime Laws

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

☐        Relevant city or county law *(specify, if known)*:

_____

## III.        Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.        The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐        Failure to hire me.

☐        Termination of my employment.

☐        Failure to promote me.

☐        Failure to accommodate my disability.

☒        Unequal terms and conditions of my employment.

☒        Retaliation.

☒        Other acts *(specify)*:        Fraud

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.        It is my best recollection that the alleged discriminatory acts occurred on date(s)

July 2009 thur July 2016

C.        I believe that defendant(s) *(check one)*:

☒        is/are still committing these acts against me.

☐        is/are not still committing these acts against me.

D.        Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☒        race                African American

☐        color

☐        gender/sex

☐        religion

☐        national origin

☐        age *(year of birth)*                        *(only when asserting a claim of age discrimination.)*

☐        disability or perceived disability *(specify disability)*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

E.        The facts of my case are as follows.  Attach additional pages if needed.

Representations:

I.      AT&T Inc. represents the American multinational conglomerate holding company headquartered in Dallas, Texas once SBC Communications formerly known as Southwestern Bell Corporation (SBC) incorporated in Missouri which bought AT&T Corp. changing its name to AT&T Inc.

II.     Illinois Bell Telephone Company is the Bell Operating Company serving Illinois. It is owned by AT&T through AT&T Teleholdings, formerly Ameritech.  AT&T Inc. is the parent company of Illinois Bell Telephone Company

III.    AT&T Services, Inc. represents the company formerly known as SBC Services, Inc. It is based in San Antonio, Texas with a place of business in Missouri.  AT&T Services, Inc. operates as a wholly owned subsidiary of AT&T Inc. whom manages and provides, amongst other services, employee payroll services on behalf of AT&T, which includes AT&T Inc. and its subsidiaries and affiliates, including but not limited to Illinois Bell Telephone Company.

IV.     AT&T represents including, but not limited to, AT&T Inc. and its subsidiaries and affiliates including but not limited to, AT&T Services, Inc. and Illinois Bell Telephone Company

V.      The Company represents AT&T including, but not limited to, AT&T Inc. and its subsidiaries and affiliates including but not limited to, AT&T Services, Inc. and Illinois Bell Telephone Company

Overview

Basis of Non-Bargained-For Compensation for AT&T Field Managers
1.      Sanford Wittels & Heisler Law Firm states (November 22, 2010, San Francisco) – Over 1300 misclassified, field managers' denied overtime pay at AT&T / Pac Bell Telephone Company won approval of their collective action certification motion in federal court Friday. Following a similar decision in federal court in Connecticut last November 2009 granting both class action and collective action status to nearly 200 AT&T field managers. "Hundreds of millions of dollars are at stake in this suit," Most importantly, it brings us one big step closer to securing just compensation for the thousands of field force employees to whom AT&T wrongfully denied overtime. AT&T continues to deny overtime wages to field managers across the country even though these workers primarily perform clerical, non-exempt work required by AT&T's uniform policies.

2.      The original plaintiffs Joe Lewis Luque and Herman Richardson allege in Luque et al. v. AT&T et al. that PacBell/AT&T failed to pay them and other California ,field managers' wages they are due under the federal Fair Labor Standards Act (FSLA) and California's Labor and Unfair Competition Law, even though individuals in these positions are often required to work up to 80 hours per week.

3.      Hence, as a result of these successful class-action rulings throughout the country, AT&T in 2009' was required to compensate its field managers, such as the Plaintiff in this complaint, Mr. Frank L. Simmons – AT&T Design Engineer, as an hourly paid non-bargained-for manager and no longer as a salaried employee.  However the Plaintiff' alleges in this complaint that he and as other unsuspecting non-bargained-for managers and colleagues are unwilling self-inflicted victims of an elaborate scheme concocted by AT&T's manipulation of the payroll reporting system, ELINK, which fraudulently reduces our overtime compensation thus giving it back, bit- by-bit to The Company.  For uncovering, in a chance encounter, and Whistle-Blowing the fraudulent scheme detailed in the following, the Plaintiff was wrongful terminated, never receiving compensation for the monies stolen which is the basis of this civil complaint and his request, and those of others not mentioned at this time, that the Court assign Plaintiff counsel and grant class action and collective action certification to this filing.

BACKGROUND:

AT&T Engineering Time Reporting Policy

4.      As per AT&T Corporate Policy, field engineer managers must accurately input regular and overtime hours spent engineering field project(s)  within AT&T's universal automated payroll system ELINK on a daily, if not on a weekly basis each week to complete a minimum 40-hour regular work week.  The  engineer is compensated time and a half for time spent engineering a project(s) in excess of 40-hours.   An engineer is subject to discipilnary action by the Company for any under or over reporting of  engineering hours leading up to termination.  Engineering hours are reviewed on a daily and/or weekly basis by the engineer's immeditate supervisior for approval and submission in the Midwest Region to AT&T's Payroll Department in Missouri for compensation.

Disappearance of Engineering Time

5.      It is important to note the common occurances and widely known fact within AT&T's Midwest Region that engineering hours input by field managers into the payroll system ELINK randomly disappear for unknown, unexplained reasons by The Compamy on a daily, weekly, and/or even monthly basis prior to and even after field manager has received compensation for a given pay-period. These random disappearing-time occurances are viewed by AT&T as the fault of the field manager being non-compliant with AT&T's Time-Reporting Policy for failing to input their engineering time, for the time period identified, within ELINK to complete their 40-hour work week; which, could lead to displinary action.  In this respect, non-compliant engineers are named on a list published weekly and distributed regionally, identifing only the day or days missing 8 - hours to complete a regular 5-day 40-hour work week but never the overtime the engineer entered prior to the random disappearances.  The field engineer is required to immediately comply by adding project engineering time to the day(s) specified on the list missing a full 8-hours to complete an 8-hour work day.

General Overview of AT&T Fraudulent Payroll Scheme

6.      An unsuspecting field engineer receives the AT&T Time Reporting Non-Conpliance List which names him, listing days not showing a complete 8-hours in regular time worked from 6-weeks ago requiring the engineer to add the missing hours to complete a 5-day, 40-hour work week.  Now, it is more than reasonable to assume that regular and overtime hours, if worked, was entered by him into the payroll system or else he would not have been compensated weeks ago in the 2-week pay-period. Moreover, he would have been named being and these days listed on the Non-Conpliance List at least 7-weeks prior. And if he had worked 8-hours overtime, in anticipation, he would have most definitely recognized the missing  additional pay on his bi-weekly pay stub for that pay-period.  But the list before him shows days from 6-weeks ago and for some unknown, unexplained reason now do not total a complete 8-hours worked, which he knows were there and he was compensated for weeks ago.

7.      To become compliant, the unsuspecting engineer adds the missing regular time to complete an 8-hour work day for the days listed from 6-weeks ago not think of the missing overtime he also worked on those days which is missing.  Now based upon the engineer's time entries, AT&T comes back stating that the overtime paid on those days from 6-weeks ago were overpayments.  Their argument is that the engineer is resonsible for accurate time reporting and for any under or over time reporting the field manger is subject to discipilnary action by the Company including up to termination.  Hence, AT&T fraudulently reclaims the overtime paid from 6-weeks ago on the next pay-periods which are identified on the right-side of the engineer's pay stub.

Plaintiff Notify Suprvisors of Hours Being Removed

8.      In March 2016 through July 2016, the Plaintiff, Frank L. Simmons, a field engineer manager employed 19 ½ years at  Illinois Bell Telephone Company, noticed that his payroll compensation was coming-up short.  His regular and overtime hours worked and accurately entered into ELINK was disappearing from the payroll system.  Mr. Simmons notified his immediate supervisor, Mr. RR via numerous emails of his payroll problems, as per 'AT&T's Code of Conduct', who in turn did nothing (see attached email correspondence) and the problem continued  Mr. RR's response was "As long as your regular hours are not being taken from you should not have a problem."  Mr. Simmons informed

Mr. RR that it was not just his overtime pay missing, but also his pay for regular hour worked which was causing him extreme financial hardship.

9.      In July 2016 for the pay period of 06/16/2016 to 06/30/2016, hours disappearing in ELINK resulted in a wage deduction of $1,028.68 bi-weekly, reducing his take-home pay to just $527.50 for the pay period of 07/01/2016 to 07/15/2016.

Payroll Dept. Inform Hours Are Being Fraudulently Removed

10.     On or about July 20, 2016, the Mr. Simmons contacted AT&T Payroll and organized a three-way call with himself and Mr. R.R. included as per AT&T's Corporate Policy.  While reviewing Mr. Simmons ELINK Account, the Payroll Representative informed both Mr. RR and Mr. Simmons that Mr. Simmons was correctly entering his work hours into the system, but, however he noticed that an unauthorized AT&T Employee was accessing the Mr. Simmons ELINK Account using and unauthorized code to remove Mr. Simmons' time and projects from the ELINK System.  Moreover, that this person had been been removing time for sometime, spanning months.  He also stated that only high ranking A&T Payroll Personnel above his pay-grade and that of  his boss and his boss's boss', had the ability to make the changes which where happening to Mr. Simmons' payroll account.  The Payroll Representative instructed Mr. RR to notify AT&T Asset Protection and his superiors immediately of his findings.  Despite the payroll department's recommendations, Mr. RR surprising continued to be unresponsive.

AT&T Services, Inc. Caught Fraudulently Removing Hours

11.     On about July 22, 2016, in a chance encounter, while in the process of accessing his payroll account to re-add time removed, Mr. Simmons received an ELINK Message stating that he would be unable to do so because his account was in-use by another. He helplessly watched in real-time as the intruder methodically removed his projects and the associated hours worked from his account. Moreover, the message also gave the intruder's AT&T Corporate User ID; which Mr. Simmons screen-printed for safe keeping.  The unauthorized intruder was identified as Ms. Ann Barton – Senior Accounting Clerk- Finance-Shared Services-AT&T Services, Inc.   Mr. Simmons then emailed Ms. Barton, questioning her removal of his regular and overtime hours from ELINK.  Ms. Barton, seeming caught by surprise, responded, directing Mr. Simmons to contact the Payroll Department with his concerns signing-off 'Sincerely Ann Barton, AT&T Court Order Unit'.

12.     Mr. Simmons disclosed these findings to Mr. RR  and his supervisor Director BM, whom again did nothing. Dissatisfied with their lack of action, Mr. Simmons, himself,  when to AT&T Inc.'s national website for reporting fraudulent activity within The Company to file a formal complaint with AT&T Asset Protection and disclose his findings.

AT&T Asset Protection Informed of AT&T Services' Fraudulent Acts

13.     On August 23, 2016, the Mr. Simmons called AT&T Inc.'s Asset Protect Information Line, formally filed a complaint of fraud within The Company, and given a case number.  Mr. Simmons spoke to AT&T Asset Protection's Ms. Yolanda, who stated Ann Barton's access to his ELINK Payroll Account and removing his work hours were both unauthorized and fraudulent. She stated that AT&T Inc. would open an investigation of the AT&T Payroll Department and AT&T Court Order Unit, both in Missouri.  Ms. Yolanda also recommended Mr. Simmons to seek legal counsel to meet with AT&T's counsel.

14.     On August 23, 2016, the Mr. Simmons also met with AT&T Asset Protection Senior Investigator, Ms. MW at AT&T Chicago Headquarters. Mr. RR attended.  Investigator Ms. MW states and acknowledged the following:  Ms. MW acknowledged the fact that the Plaintiff was not been paid properly due to fraudulent acts of AT&T Services, Inc.'s Ann Barton. Ms. MW concedes AT&T Services, Inc.'s Ann Barton access into the Plaintiff's payroll account was unauthorized.  Ms. MW stated that the documentation he forward to Asset Protection days prior had been forwarded-on to AT&T

Inc. CEO, Randall Stephenson and that he and the Board of Director's would be making the determination as to how AT&T would proceed.

Plaintiff - Whistle Blower Fired In Retaliation

15.     In about October 2016, shortly after Mr. Simmons informed his employer, Illinois Bell Telephone Company that he had filed a formal complaint with the EEOC, Illinois Bell Telephone Company terminated his employment. Hence, the wrongful termination. Prior to the Plaintiff's termination, he shared his findings with co-workers whom reviewed their paystubs realized they as the Plaintiff are victims of the same fraudulent acts.  They are afraid to come forward for fear of termination by AT&T. However they are willing to come out of the shadows should this Court grant class action certification to this filing.  It is important to the Plaintiff that those whom have suffered as described in paragraphs 1, 2, and 3 of this complaint not be left behind.

CAUSE CLAIMS:

16.     ILLINOIS BELL TELEPHONE COMPANY:- CIVIL RIGHTS—10.5 CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT—HARASSMENT BECAUSE OF PROTECTED CHARACTERISTICS—ELEMENTS; CLAIM BASED ON FIDUCIARY NEGLIGENCE  AND  10.8 CIVIL RIGHTS—TITLE VII—RETALIATION  and 10.12 CIVIL RIGHTS—TITLE VII— "TANGIBLE EMPLOYMENT ACTION"

17.     Paragraphs 8, 9, and 10 of this complaint establishes employer Illinois Bell Telephone Company fiduciary negligence in failing to ensure the Plaintiff, Mr. Simmons was paid properly.  Therefore the Plaintiff was treated differently than those having similar situations and the employer ensured remedy. Moreover, the employer had knowledge of the third-party financial hardship, harassment, and fraudulent acts committed against the Plaintiff by AT&T Services, Inc. but failed to provide remedy and/or report the criminal acts to authorities.  Therefore, the employer condoned the hostile work environment this created. The employer admits the Plaintiff was not paid properly, yet fails to be compensate the Plaintiff for the monies stolen and terminates his employment signed by Illinois Bell Telephone Company General Manager and President, which constitutes a tangible employment action in retaliation for filing a formal complaint the EEOC.  Moreover, the actions suffered at the hands of this actor; the Plaintiff would not have experienced the violations of his Civil Rights nor the Deprivation of his 4th, 5th, 8th, 9th, and 14th Amendment Rights. Hence, causation. Moreover, for these actions the Defendant has no affirmative defense; but nor are they entitled.

18.     AT&T SERVICES, INC.: 10.7 CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT CAUSED BY NON-IMMEDIATE SUPERVISOR OR BY CO-WORKER—CLAIM BASED ON FIDUCIARY NEGLIGENCE THROUGH REMOVAL OF REGULAR AND OVERTIME HOURS WORKED; 10.9 CIVIL RIGHTS—TITLE VII—"ADVERSE EMPLOYMENT ACTION" AND 42 U.S. CODE § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

19.     Paragraphs 10 and 11 of this complaint establishes the third-party financial hardship, harassment, and fraudulent acts committed against the Plaintiff by AT&T Services, Inc., which created an adverse employment action. AT&T Services, Inc. has a fiduciary responsibility to the customers it serves to provide honest and forthright payroll services.  Moreover, the actions suffered at the hands of this actor; the Plaintiff would not have experienced the violations of his Civil Rights nor the Deprivation of his 4th, 5th, 8th, 9th, and 14th Amendment Rights. Hence, causation. Moreover, for these actions the Defendant has no affirmative defense; but nor are they entitled.

20.     AT&T, INC.:  LIABILITY ---- 10.5 CIVIL RIGHTS—TITLE VII—HOSTILE WORK

ENVIRONMENT—HARASSMENT BECAUSE OF PROTECTED CHARACTERISTICS— ELEMENTS; 10.8 CIVIL RIGHTS—TITLE VII—RETALIATION; 10.7 CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT CAUSED BY NON-IMMEDIATE SUPERVISOR OR BY CO-WORKER—CLAIM BASED ON NEGLIGENCE; 10.9 CIVIL RIGHTS—TITLE VII— "ADVERSE EMPLOYMENT ACTION"; AND 10.12 CIVIL RIGHTS—TITLE VII—"TANGIBLE EMPLOYMENT ACTION" CLAIM BASED ON FIDUCIARY NEGLIGENCE

21.     Paragraphs 13, 14, and 15 of this complaint establishes parent company, AT&T, Inc. through the reporting means it publishes, established, and maintains for persons to notify them directly of criminal acts committed within their company and/or by their subsidiaries and affiliates, which were utilized by the Plaintiff, yet AT&T, Inc. failed to act.  AT&T, Inc. therefore had knowledge of the third-party fraudulent acts committed by subsidiary, AT&T Services, Inc. against Mr. Simmons, an employee of subsidiary Illinois Bell Telephone Company through the reporting means it established.  Therefore, AT&T, Inc. has   fiduciary responsibility and negligence in failing to ensure the Plaintiff, Mr. Simmons was paid properly.  Therefore, the Plaintiff was treated differently than those having similar situations and AT&T, Inc. ensured remedy.  AT&T, Inc. through its national arm of enforce, AT&T Asset Protection, admits the Plaintiff was not paid properly, yet fails to be compensate the Plaintiff for the monies stolen and therefor equally culpable adverse and tangible actions taken in retaliation.  For the Plaintiff's whistle-blow effects, all of AT&T, Inc. not just Illinois Bell or AT&T Services, Inc. Therefore, AT&T, Inc. has interest in the outcome of these proceedings. .  Moreover, the actions suffered as a result of the fiduciary neglect of this actor; the Plaintiff would not have experienced the violations of his Civil Rights nor the Deprivation of his 4th, 5th, 8th, 9th, and 14th Amendment Rights. Hence, causation. Moreover, for these actions the Defendant has no affirmative defense; but nor are they entitled.

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.     It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

September 9, 2016

B.     The Equal Employment Opportunity Commission *(check one)*:

☐          has not issued a Notice of Right to Sue letter.

☒          issued a Notice of Right to Sue letter, which I received on *(date)*   3/27/2019          .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.     Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

☐      60 days or more have elapsed.

☐      less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

The Plaintiff seeks compensate for he and the other victims of the payroll fraud detailed in this complaint which spans allegedly from 2009' to the present.

Request Court grant class action and collective action certification

Direct the defendant to re-employ the plaintiff.

Grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

Institution of safeguards, guarding against payroll fraud detail in this complaint

Trauma for fear of working for large entities caused

Insecurity of being employed by large company caused

Loss of business enterprises

The Plaintiff seeks $500 Million Dollar Class Action for other victims

Total Compensation: $550,000,000.00

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:      6/20/2019

Signature of Plaintiff      /s/ Frank L. Simmons

Printed Name of Plaintiff      Frank L. Simmons

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**B.**     **For Attorneys**

Date of signing:     _____

| | |
|---|---|
| Signature of Attorney | _____ |
| Printed Name of Attorney | _____ |
| Bar Number | _____ |
| Name of Law Firm | _____ |
| Street Address | _____ |
| State and Zip Code | _____ |
| Telephone Number | _____ |
| E-mail Address | _____ |